```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,              :    INFORMATION

          - v. -                       :
                                            10 Cr.
SANJEEV JAYANT KUMAR SHAH,                  10CRIM1169

                    Defendant.         :

- - - - - - - - - - - - - - - - - -x
```

COUNT ONE
(Securities Fraud)

The United States Attorney charges:

Background

1. At all times relevant to this Information, Citigroup Inc. ("Citigroup") was a corporation organized under the laws of the State of Delaware with its headquarters in New York, New York, and provided a broad range of financial services. Among the subsidiaries of Citigroup was Smith Barney LLC ("Smith Barney"), an investment bank.

2. At all times relevant to this Information, SANJEEV JAYANT KUMAR SHAH, the defendant, was employed at Smith Barney as a financial services advisor in New York, New York. SHAH's clients included wealthy individuals and financial institutions, including two foreign banks ("Client-1" and "Client-2"). Among other things, SHAH exercised control over the brokerage accounts that both Client-1 and Client-2 maintained at Smith Barney.

The Fraudulent Scheme

3. As part of the fraudulent scheme, SANJEEV JAYANT KUMAR SHAH, the defendant, executed unauthorized

transactions on behalf of Client-1 that resulted in millions of dollars in losses to Client-1, and then attempted to conceal those losses from Client-1 and Citigroup by misappropriating funds from Client-2. As part of the same scheme, SHAH also forged documents and made misrepresentations to various individuals at Citigroup and to representatives of Client-2.

4. Between in or about October 2008 and in or about December 2008, SANJEEV JAYANT KUMAR SHAH, the defendant, executed a series of foreign currency transactions on behalf of Client-1, without Client-1's knowledge or authorization. To finance those unauthorized transactions, SHAH, purporting to act on behalf of Client-1, borrowed money from Smith Barney, using as collateral the securities that he purchased on Client-1's behalf. As the value of the securities declined, however, Smith Barney demanded that Client-1 post additional securities or cash as collateral. Those foreign currency transactions resulted in millions of dollars of losses to Client-1.

5. SANJEEV JAYANT KUMAR SHAH, the defendant, never disclosed to Client-1 the unauthorized foreign currency transactions in which he had entered purportedly on Client-1's behalf or Smith Barney's demand for additional collateral. Instead, to conceal his unauthorized trading and the resulting losses, SHAH misappropriated approximately $3.25 million from Client-2's brokerage account at Smith Barney.

6. In or about March 2009, SANJEEV JAYANT KUMAR SHAH, the defendant, fabricated documents that purported to be from

representatives of Client-2 directing Smith Barney to execute at least two separate electronic transfers of funds, totaling approximately $3.25 million, from Client-2's account at Smith Barney to an account held by another entity (the "Entity") at another, foreign bank (the "Offshore Bank"). Among other things, SHAH forwarded emails with attachments that purported to be letters from a representative of Client-2 authorizing the transfer of funds in the amount of $3.25 million. For example:

  a. On or about March 3, 2009, SHAH caused an email to be sent from the email address "lizanniarnette@aol.com," controlled by electronic mail service provider America Online, Inc., headquartered in Virginia, to an email address assigned to SHAH at Smith Barney in New York, New York, with attachment "IMG.jpg," which purported to be a letter authorizing the electronic transfer of funds from a Smith Barney brokerage account of Client-2 in the amount of $1,501,250; and

  b. On or about March 12, 2009, SHAH caused an email to be sent from the email address "tonifaessler@yahoo.com," controlled by electronic mail service provider Yahoo!, Inc., headquartered in California, to an email address assigned to SHAH at Smith Barney in New York, New York, with attachment "IMG.jpg," which purported to be a letter of authorization authorizing the electronic transfer of funds from a Smith Barney brokerage account of Client-2 in the amount of $1,751,250.

  7. In truth and in fact, as SANJEEV JAYANT KUMAR SHAH, the defendant, well knew, the purported authorizations from

Client-2 were forgeries that had been created by SHAH using, among other things, an electronic copy of a means of identification of a director of Client-2, including the director's name and signature.

8. Through additional emails and international telephone calls, SANJEEV JAYANT KUMAR SHAH, the defendant, then coordinated and caused the transfer of approximately $3.25 million through the Offshore Bank from the Entity's account to Client-1's accounts. In this way, SHAH replaced the trading losses from the Client-1 account at Smith Barney with funds that he had misappropriated from the Client-2 account at Smith Barney. In particular, on or about March 3, 2009, SHAH caused an electronic wire transfer of funds in the amount of $1,501,250 from Client-2's account into an account held by the Entity. Thereafter, on or about March 4, 2009, SHAH caused an electronic wire transfer of funds in the amount of $1,449,975 from the Entity's account to Client-1's account at Citigroup. Again, on March 12 and 13, 2009, respectively, SHAH caused two separate electronic wire transfers that resulted in a total of approximately $1,751,250 being transferred directly or indirectly from Client-2's account to Client-1's account at Client-1.

9. On or about March 19, 2009, representatives of Client-2 contacted SANJEEV JAYANT KUMAR SHAH, the defendant, seeking an explanation regarding the transfer of $3.25 million in funds from Client-2's Smith Barney account. SHAH falsely told the representatives of Client-2 that the transfers were necessary

4

to purchase bonds that he previously had recommended to Client-2. That same day, and again on or about the following day, SHAH represented to Client-2 that he would send statements to Client-2 reflecting the purported purchase of the bonds. SHAH falsely informed the representatives of Client-2 that a technical error on Smith Barney's computer system temporarily prevented the bonds from appearing in the online account statement, and SHAH reiterated that he had in fact purchased those bonds for Client-2.

10. On or about March 30, 2009, Client-2 still had not received the requested statements. Instead, Client-2 received a call from SANJEEV JAYANT KUMAR SHAH, the defendant, stating that he had been laid off by Smith Barney, but that the requested account statements would follow. In truth and in fact, as SHAH well knew, SHAH had not used Client-2's funds to purchase any bonds, but rather had used those funds to conceal the losses from his unauthorized trading on behalf of Client-1. Client-2 never received the requested statements.

## Statutory Allegation

11. In or about March 2009, in the Southern District of New York and elsewhere, SANJEEV JAYANT KUMAR SHAH, the defendant, unlawfully, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and

deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon other persons, to wit, SHAH made false and misleading representations to Client-1 and Client-2 regarding their accounts and unauthorized transactions in those accounts.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
Title 18, United States Code, Section 2.)

## COUNTS TWO THROUGH FOUR
(Wire Fraud)

The United States Attorney further charges:

12. The allegations contained in paragraphs 1 through 10 of this Information are repeated and realleged as if fully set forth herein.

13. In or about March 2009, in the Southern District of New York and elsewhere, SANJEEV JAYANT KUMAR SHAH, the defendant, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to misappropriate funds from Client-2, did transmit and cause to be

6

transmitted by means of wire communication in interstate and foreign commerce the following writings, signs, signals, pictures and sounds, for the purpose of executing such scheme and artifice, to wit, on or about the dates set forth below, in order to defraud Client-2 and Citibank, having devised a scheme to obtain money and property by fraud through electronic wire transfers of funds from the account of Client-2, without its authorization, caused the following interstate and foreign wires:

| Count | Approximate Date | Description of the Wire |
|---|---|---|
| 2 | March 3, 2009 | Email sent from email address "lizanniarnette@aol.com," controlled by electronic mail service provider America Online, Inc., headquartered in Virginia, to an email address assigned to SHAH in New York, New York, purportedly authorizing on behalf of Client-2 an electronic wire transfer of funds in the amount of $1,501,250 from a Smith Barney brokerage account in New York, New York to an account in London, England. |
| 3 | March 12, 2009 | Electronic wire transfer of funds in the amount of $1,751,250 from a Smith Barney brokerage account in New York, New York to an account in London, England. |
| 4 | March 30, 2009 | International telephone call from SHAH in New York, New York, to representatives of Client-2 in Belize City, Belize. |

(Title 18, United States Code, Sections 1343 and 2.)

<u>FORFEITURE ALLEGATION</u>

14. As a result of committing one or more of the securities fraud and wire fraud offenses alleged in Counts One

7

through Four of this Information, SANJEEV JAYANT KUMAR SHAH, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the securities fraud or wire fraud offenses, including but not limited to the following:

  a. At least $3.25 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the securities fraud and wire fraud offenses alleged in Counts One through Four above.

### Substitute Asset Provision

15. If any of the above-described forfeitable property, as a result of any act or omission of SANJEEV JAYANT KUMAR SHAH, the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the

United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1343; Title 28, United States Code, Section 2461; Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Section 240.10b-5.)

*Preet Bharara*
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

SANJEEV JAVANT KUMAR SHAH,

Defendant.

## INFORMATION

10 Cr.

(Title 18, United States Code, §§ 2, 1343; Title 15, United States Code, §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5.)

PREET BHARARA
United States Attorney.

---

11-24-10

\* Filed Waiver of Indictment + Information
Deft. pres. with attorney Mr. Little
AUSA Mr. Buckley   Court Reporter Pres-
Interpreter pres/not pres. Deft. withdraws plea of not guilty & enters a plea of guilty to count(s) 1, 2, 3 + 4. PSI Ordered. Sentence set for 2-24-11
Bail Cont.
Mag. Judge Katz recommends Judge Pauley accept the guilty plea.

Katz
U.S.M.J