USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                         :

SANJEEV JAYANT KUMAR SHAH,                12 Civ. 6366 (WHP)
                        :

         Petitioner,                10 Cr. 1169 (WHP)
                        :

        -against-                MEMORANDUM & ORDER
                        :

UNITED STATES OF AMERICA,
                        :

        Respondent.
                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Petitioner pro se Sanjeev Jayant Kumar Shah moves to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255. Shah claims that his lawyers' failure to

inform him of his ineligibility for the Bureau of Prison's Residential Drug Abuse Program

("RDAP") before he entered into a plea agreement constitutes ineffective assistance of counsel.

For the following reasons, Shah's motion is denied.

BACKGROUND

        In 2008, Shah, a financial services advisor at Smith Barney LLC, executed a

series of unauthorized transactions on behalf of a client that resulted in millions of dollars of

losses. (Presentence Investigation Report, dated Aug. 5, 2011 ("PSR") at ¶¶ 10, 12.) To conceal

the losses, Shah then misappropriated approximately $3.5 million from another client's

brokerage account. (PSR at ¶ 14.)

        On November 24, 2010, Shah pled guilty to one count of securities fraud in

violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 and three

counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 pursuant to a plea agreement. (Plea Agreement, dated Nov. 22, 2010, at 1.) Before accepting Shah's guilty plea, Magistrate Judge Katz conducted a plea allocution. He questioned Shah on the terms of the plea agreement and Shah's understanding of its consequences. (Plea Allocution Transcript, dated Nov. 24, 2010 ("Plea Tr.") at 11-13.) The plea agreement contained a stipulated guidelines range of 63 to 78 months' imprisonment, a reduction from the statutory maximum Shah could receive under the Sentencing Guidelines if he had gone to trial—twenty years for the count of securities fraud and thirty years for each count of wire fraud. (Plea Agreement at 3; Plea Tr. at 4-5.) Shah agreed that he would not challenge any sentence within or below the stipulated guidelines range on appeal or through a § 2255 motion. (Plea Agreement at 5; Plea Tr. at 13:19-23.) Because Shah is not a United States citizen, the plea agreement also provided that Shah would have no right to withdraw his guilty plea or challenge his conviction pursuant to § 2255 "based on any actual or perceived adverse immigration consequences . . . resulting from [his] guilty plea and conviction." (Plea Agreement at 6.)

At sentencing, this Court adopted the findings of fact in the PSR but determined that the appropriate guidelines range was 78 to 97 months of imprisonment. (Sentencing Transcript, dated Aug. 19, 2011 ("Sent. Tr.") at 29-30.) Applying the § 3553(a) factors, this Court then sentenced Shah principally to 38 months' imprisonment. (Sent. Tr. at 31-33.)

Shah claims that he developed a serious alcohol addiction as a consequence of his arrest. (Shah Mem. of Law in Supp. of § 2255 Mot., dated Aug. 15, 2012 ("Shah Mem.") at 4.) At the discretion of the Bureau of Prisons ("BOP"), RDAP participants may serve a portion of their sentences in a halfway house, and those who successfully complete the program may

-2-

qualify for a sentence reduction of up to one year. See 18 U.S.C. § 3621(e)(2)(b). But

deportable foreign nationals are ineligible for RDAP. 28 C.F.R. § 550.55(b). Shah's plea

agreement does not mention RDAP or reference his problems with alcohol. At sentencing,

Shah's counsel asked this Court to recommend to BOP that BOP consider Shah's eligibility for

RDAP. (Sent. Tr. at 36.) Shah now contends that his guilty plea was conditioned on the advice

of his counsel that he was eligible for RDAP. Had he known he could not participate in the

program, Shah claims he would not have plead guilty. (Shah Mem. at 4.)

DISCUSSION

I.      Legal Standard

        "A motion under § 2255 is not a substitute for an appeal." Rosario v. United

States, 164 F.3d 729, 732 (2d Cir. 1998) (internal quotation marks omitted). It is a "collateral

attack on a final judgment," and relief is therefore only available when there has been "a

constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that

constitutes a fundamental defect which inherently results in complete miscarriage of justice."

Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal quotation marks

omitted). Section 2255 is not a vehicle for re-litigating claims that have been "raised and

resolved on direct appeal." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010).

Further, "claims that could have been brought on direct appeal [cannot] be[ ] raised on collateral

review absent cause and prejudice." Yick Man Mui, 614 F.3d at 54. Where, as here, a party is

proceeding pro se, this Court has an obligation to "read [the pro se party's] supporting papers

liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v.

Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

-3-

II.     Waiver

"Waivers of the right to appeal a sentence are presumptively enforceable."

United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010).  But a waiver must be "both knowing

(in the sense that the defendant fully understood the potential consequences of his waiver) and

voluntary."  United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996); see also United States v.

Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance . . . may a defendant,

who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right

to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.").

When a defendant's attention is drawn to the waiver provision in the agreement during the plea

hearing, the voluntary and knowing nature of the waiver can be established.  See United States v.

DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (per curiam).

Shah's plea agreement unequivocally prohibits him from challenging his

conviction pursuant to § 2255 because his sentence of 38 months is well below the stipulated

guidelines range of 63-78 months.  (Plea Agreement at 3.)  Shah is therefore barred from

bringing a § 2255 petition unless his waiver of his right to appeal was unknowing or involuntary.

At Shah's plea allocution hearing, Magistrate Judge Katz created a fulsome record indicating the

knowing and voluntary nature of Shah's guilty plea and waiver.  Magistrate Judge Katz

confirmed with Shah that he had not been threatened to plead guilty, that he had read and

discussed the agreement with his attorney, and that no promises had been made to him regarding

the sentence he would receive outside of the plea agreement itself.  (Plea Tr. at 11.)  Next, the

Government presented the key terms of the plea agreement to Shah and Judge Katz, and Judge

Katz confirmed that Shah understood and agreed with the Government's presentation.  (Plea Tr.

at 11-13.)  Judge Katz then ensured that Shah understood he was waiving his right to appeal if his sentence was at or below the stipulated guidelines range.  (Plea Tr. at 13.)  And Judge Katz made sure that Shah understood all the immigration consequences of his plea.  (Plea Tr. at 5-6.) Finally, Judge Katz asked Shah, "Is your plea made voluntarily and of your own will?" (Plea Tr. at 14.)  Shah confirmed, "Yes."  (Plea Tr. at 14.)

Shah offers no evidence that he did not understand the consequences of the waiver, and the record belies any contention to the contrary.  Further, a claim of ineffective assistance of counsel will not invalidate a waiver of the right to challenge a sentence unless the record indicates that the claim has merit:  "To find an appeal waiver unenforceable . . . where the record (a) indicates that the appeal waiver was knowing and voluntary and (b) does not show merit in the ineffective-assistance-of-counsel claim, would 'render the plea bargaining process and the resulting agreement meaningless[.]'" United States v. Monzon, 359 F.3d 110, 119 (2d Cir. 2004) (quoting Salcido-Contreras, 990 F.2d at 53).  Because this Court finds that Shah's ineffective assistance of counsel claim lacks merit, as discussed below, Shah's plea agreement waiver is enforceable and his petition is dismissed.

III.    Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Shah must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms, and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation."  United States v. Cohen, 427 F.3d 164, 168 (2d Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) (internal punctuation and citations omitted)).  The first prong of the Strickland test requires a showing that "counsel made errors so

serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." Strickland, 466 U.S. at 687.  The second prong requires a showing that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Strickland, 466 U.S. at 694.  "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The standard for ineffective assistance of counsel is strict and courts must

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance . . . [that] might be considered sound trial strategy." Strickland, 466 U.S.

at 689.  Defendants may not do an end-run around their plea agreements on the ground of

ineffective assistance if they waived their right to appeal and the sentence falls within the agreed

upon range. See, e.g., United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam).

The Supreme Court has also established that "a court need not determine whether counsel's

performance was deficient before examining the prejudice suffered by the defendant as a result

of the alleged deficiencies." Strickland, 466 U.S. at 697.

A petitioner seeking vacatur of his guilty plea must demonstrate that there is "a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." Premo v. Moore, 131 S. Ct. 733, 745 (2011) (internal quotation

marks omitted).  This inquiry requires a fact-specific analysis that evaluates the weight of the

evidence, the consequences of various legal options, and any circumstances that may affect a

decision to plea. See Premo, 131 S. Ct. at 744.  A petitioner shoulders the burden to "convince

the court that a decision to reject the plea bargain would have been rational under the

circumstances." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010).

-6-

Here, Shah's ineligibility for RDAP does not constitute a rational reason for Shah to reject the plea agreement and proceed to trial. First, Shah was informed that this Court could disregard the stipulated guidelines range in his plea agreement and impose any sentence up to and including the statutory maximum. (Plea Tr. at 13.) When a petitioner claims his counsel "mislead him as to the possible sentence which might result from [his] plea," he cannot overcome <u>Strickland</u>'s prejudice prong if he was made aware of "the actual sentencing possibilities" and entered into the plea agreement anyway. <u>Ventura v. Meachum</u>, 957 F.2d 1048, 1058 (2d Cir. 1992). Importantly, this Court imposed a 38-month term of imprisonment before Shah's counsel ever requested a recommendation that BOP consider him for RDAP. That 38-month sentence constituted a significant reduction from Shah's sentencing range of 78-97 months under the Guidelines. And this Court fully expected that Shah would serve the entirety of that sentence before being deported.

Second, the evidence of Shah's guilt was overwhelming, including his own disclosure of his crimes to both the Government and his former employer before they were uncovered. (PSR at ¶ 28; Shah Sentencing Memorandum, dated Aug. 4, 2011 at 2.) Faced with an "overwhelming likelihood" of conviction, it would not have been rational for Shah to reject his plea agreement and proceed to trial. <u>Eisa v. Immigration Customs Enforcement</u>, No. 08 Civ. 6204 (FM), 2008 WL 4223618, at *11 (S.D.N.Y. Sept. 11, 2008). Shah's offenses carried a total maximum sentence of 110 years, while his stipulated guidelines range was between 63 to 78 months. Shah's contention that the 12-month RDAP reduction and six-month placement in a halfway house were the "driving force" behind his decision to plead guilty strains credulity. And his decision to report his conduct to the Government undermines any reasonable probability that,

but for participation in RDAP, Shah was seriously contemplating trial.

Finally, the BOP enjoys "virtually complete discretion" in determining whether to award a sentence reduction under 18 U.S.C. § 3621(e)(2). LaSorsa v. Spears, 2 F. Supp. 2d 550, 555 (S.D.N.Y. 1998) (Sotomayor, J.). Even if Shah were a United States citizen, there is no guarantee that he would have been accepted into RDAP, or that he would be awarded a reduction in sentence upon completion of the program. Shah misreads the amended judgment of conviction when he asserts that this Court "issued an Order stating that [he] shall be admitted in [RDAP]." (Shah Mot. Under 28 U.S.C. § 2255, dated Aug. 15, 2012 at 5.) The "shall be admitted" language is preceded by a critical and qualifying statement that Shah overlooks: "The court makes the following recommendations to the Bureau of Prisons." Amended Judgment of Conviction, dated Sept. 1, 2011, at 2.

In view of these circumstances, Shah fails to meet his burden of convincing this Court that his decision to reject the plea agreement would have been rational. As such, this Court need not consider whether Shah's counsel's performance fell below an objective standard of reasonableness. When "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Strickland, 466 U.S. at 697.

IV.    Evidentiary Hearing

Section 2255 "requires the district court to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Chang v. United States, 250 F. 3d 79, 85 (2d Cir. 2001) (quoting 28 U.S.C. 2255(b)). "[A] district court has discretion to determine if a testimonial hearing will be conducted." Campusano v. United States, 442 F.3d 770, 776 (2d Cir. 2006) (citing Chang, 250 F.3d at 85). And a district

court may decline to hold a hearing where a petitioner does not "demonstrate a colorable claim of ineffective assistance." Contino v. United States, 535 F.3d 124, 128 (2d Cir. 2008) (per curiam). Because Shah has not demonstrated a colorable claim of ineffective assistance of counsel, this Court declines to conduct a hearing.

CONCLUSION

For the foregoing reasons, this Court denies Shah's motion to vacate, set aside, or correct his sentence. Because Shah has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions, mark this case closed, and enter judgment for the United States.


Dated: April 16, 2013
      New York, New York


SO ORDERED:


_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies to:*

Sanjeev Jayant Kumar Shah
64356-054
Low Security Correctional Institution Allenwood
P.O. Box 1000
White Deer, PA 17887
*Petitioner Pro Se*

Sean S. Buckley, Esq.
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
*Counsel for Respondent*

-10-